IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TRAVIS LAMONT ROBINSON,

    Plaintiff,

v.                                            No. 1:16-cv-01296-JDB-egb

TENNESSEE HIGHWAY PATROL,

    Defendant.

_____

ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND
RECOMMENDATION, ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING CASE WITHOUT
PREJUDICE
_____

I. INTRODUCTION AND BACKGROUND

On November 16, 2016, the *pro se* Plaintiff, Travis Lamont Robinson, filed a complaint against the Defendant, Tennessee Highway Patrol, alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. (Docket Entry ("D.E.") 1.) Pursuant to Administrative Order No. 2013-05, this action was referred to the assigned magistrate judge, Edward G. Bryant, for management of all pretrial matters, including screening of the complaint. In an order entered December 2, 2016, Judge Bryant directed the Clerk of Court to forward a blank summons form to the Plaintiff, which he was to complete and return to the Clerk's office for certification. (D.E. 11.) Robinson was instructed to then effect service on the Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. (*Id.*) On December 12, 2016, the Clerk signed the summons and issued it to the Plaintiff. (D.E. 13.) The summons was returned executed on January 19, 2017, indicating that Robinson had left the

summons with "Jessica Gibbs, Secretary" on January 3, 2017, "and mailed a copy to the individual's last known address." (D.E. 15 at PageID 122.)

On January 27, 2017, the Defendant moved to dismiss the complaint for insufficient service in accordance with Fed. R. Civ. P. 12(b)(5).[1]  (D.E. 16.)  Judge Bryant, on June 21, 2017, recommended that the motion be granted.  (D.E. 19.)  Plaintiff filed timely objections to the report and recommendation (D.E. 20), to which the Defendant responded (D.E. 22).  The matter is now ripe for disposition.

## II.  COURT'S REVIEW OF MAGISTRATE JUDGE'S DETERMINATION

When objections have been filed with respect to a report and recommendation of the magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  He "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  The district judge may not "simply concur" in the magistrate judge's findings, but must "conduct [his] own review in order to adopt the recommendations."  *Fharmacy Records v. Nassar*, 465 F. App'x 448, 456 (6th Cir. 2012) (per curiam) (internal quotation marks omitted).

## III.  ANALYSIS

Rule 12(b)(5) permits the district court to dismiss complaints for "insufficient service of process."  Fed. R. Civ. P. 12(b)(5).  The requirement that service be properly made "is not some mindless technicality."  *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991); *Payne v. Tenn.*, No. 2:14-0047, 2014 WL 3362247, at *3 (M.D. Tenn. July 8, 2014), *report &*

---

[1] The Plaintiff did not respond to the motion to dismiss.

*recommendation adopted* 2014 WL 5846555 (M.D. Tenn. Nov. 12, 2014). "It is axiomatic that the due process of law requires proper service of process in order for the Court to obtain in personam jurisdiction over each defendant." *Roundtree-Chism v. Dunn*, No. 1:16-cv-387-SKL, 2017 WL 2312900, at *6 (E.D. Tenn. May 26, 2017) (quoting *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980)), *appeal filed* (No. 17-5629) (6th Cir. June 6, 2017). "The plaintiff must exercise due diligence to perfect service of process after the filing of the complaint." *Id.* (quoting *Campbell*, 496 F. Supp. at 39) (internal quotation marks omitted). "Actual knowledge and lack of prejudice cannot take the place of legally sufficient service." *Payne*, 2014 WL 3362247, at *3 (quoting *LSJ Inv. Co., Inc. v. OLD, Inc.*, 167 F.3d 320, 324 (6th Cir. 1999)).

Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. "Once a defendant brings [a motion under Rule 12(b)(5)], the plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with [Rule 4]." *McInerney v. Roosen Varchetti & Olivier, PLLC*, Case No. 17-10037, 2017 WL 2403577, at *2 (E.D. Mich. June 1, 2017) (quoting *Aslani v. Sparrow Health Sys.*, Case No. 1:08-CV-298, 2009 WL 10665237, at *2 (W.D. Mich. Apr. 16, 2009)) (internal quotation marks omitted). In deciding whether a plaintiff has met his burden, the court may "look to record evidence." *McCord v. Bd. of Educ. of Fleming Cty.*, Civil Action No. 5:16-CV-75-JMH, 2017 WL 1217170, at *2 (E.D. Ky. Mar. 31, 2017) (internal quotation marks omitted), *appeal filed* (No. 17-5548) (6th Cir. May 12, 2017).

Under Rule 4(j)(2), a state government[2] must be served by one of two methods: (1) "delivering a copy of the summons and of the complaint to its chief executive officer" or (2) "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2); *see also Wheck v. Bd. of Tr. of the Ky. Teacher's Ret. Sys.*, Civil Action No. 3:15-CV-692-CRS, 2016 WL 5796915, at *13 (W.D. Ky. Sept. 30, 2016) ("In order to serve process on a state-created governmental organization, the plaintiff must follow the state's law or serve process on the organization's chief executive officer."), *appeal dismissed* (6th Cir. Feb. 16, 2017). The chief executive officer of Tennessee for purposes of service is the governor, who was not served with the instant summons and complaint. *See LeBlanc v. Hagan*, Civil Action No. 1:16-CV-00178-GNS, 2017 WL 2779490, at *4 (W.D. Ky. June 27, 2017) (chief executive officer of Tennessee for purposes of service on state agency under Rule 4(j)(2) is the governor). With respect to the second method, Rule 4.04 of the Tennessee Rules of Civil Procedure provides that service "[u]pon the state of Tennessee or any agency thereof, [must be effected] by delivering a copy of the summons and of the complaint to the attorney general of the state or to any assistant attorney general."[3] Tenn. R. Civ. P. 4.04(6). While the docket reflects issuance of a summons to the Tennessee Highway Patrol (*see* D.E. 13), there was no service upon the Tennessee Attorney General. *See LeBlanc*, 2017 WL 2779490, at *4-5 (where summons named Tennessee state agency as defendant but plaintiff failed to serve the attorney general or assistant attorney general, service was not proper). As the

---

[2]In its motion to dismiss, the Defendant noted that the Tennessee Highway Patrol is not a governmental entity subject to suit, but is a division of the Tennessee Department of Safety and Homeland Security.

[3]In his objections to the report and recommendation, Robinson cites to the Ohio Rules of Civil Procedure. However, there is nothing in the record to suggest that the procedural rules of Ohio have any application to this case.

summons and complaint were not served in accordance with Rule 4(j)(2), service was insufficient.

Courts have broad discretion to dismiss actions for insufficient service. *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993); *McInerney*, 2017 WL 2403577, at *4. Here, although the Plaintiff concedes that his attempt at service was insufficient, he has apparently made no effort since the filing of the Defendant's motion in January 2017 to rectify his error. This Court agrees with the court in *Payne*, which noted that, even though "the Court sympathizes with [plaintiff's] attempts as a *pro se* litigant to effect proper service of process, neither the Court nor the Clerk can assist him in this endeavor." *Payne*, 2014 WL 3362247, at *3. Moreover, the procedural rules applicable to civil cases must be followed by the represented and unrepresented alike. *McNeil v. United States*, 508 U.S. 106, 113 (1993). In light of his failure to comply with Fed. R. Civ. P. 4, Plaintiff's complaint is DISMISSED without prejudice for insufficient service of process.

## IV.  CONCLUSION

For the reasons articulated herein, the Plaintiff's objections to the magistrate judge's report and recommendation are OVERRULED, the report and recommendation is ADOPTED, the Defendant's motion to dismiss is GRANTED, and this matter is DISMISSED without prejudice.

IT IS SO ORDERED this 31st day of July 2017.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE